***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted November 16, affirmed December 14, 2022

Randol Y. BLAIR,
*Plaintiff-Appellant,*

*v.*

Janet R. LANDON,
*Defendant-Respondent.*

Marion County Circuit Court
20CV16752; A175676

Thomas M. Hart, Judge.

Jill F. Foster and The Law Office of Jill F. Foster filed the brief for appellant.

No appearance for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff appeals from a general judgment after the trial court decided, following a bench trial, for defendant on plaintiff's claims and for plaintiff on defendant's counterclaims. The trial court also resolved some disputed real and personal property issues between the parties, which included issues affecting a third-party tenant with an interest in the disputed real property. As we briefly discuss below, because plaintiff has failed to identify any particular rulings that he seeks to challenge or demonstrate that he preserved his assignments of error for appeal, we affirm.

Plaintiff asserted a number of claims against defendant, including claims for elder abuse, conversion, breach of contract, and quiet title. Defendant answered and asserted counterclaims for conversion and unjust enrichment. Plaintiff alleged that he and defendant had previously resided together as friends and had engaged in real property and other financial transactions before their relationship deteriorated. Plaintiff alleged that defendant physically and financially abused him, which gave rise to his elder abuse claims against her. Both parties are over 65 years old.

As noted, the case proceeded to a bench trial in which the court found against plaintiff on his claims and against defendant on her counterclaims. The court also resolved some disputed real and personal property issues. Following the trial court's entry of the general judgment, plaintiff timely appealed.

Plaintiff raises five assignments of error. The difficulty with plaintiff's appeal is that plaintiff fails to identify where in the record the trial court made the rulings to which he assigns error. *See* ORAP 5.45(3) (stating that each assignment of error "must identify precisely the legal, procedural, factual, or other ruling that is being challenged"); ORAP 5.45(4)(a)(i) (stating that each assignment of error, "as appropriate, must specify the stage in the proceedings" when the issue presented "was raised in the lower court, the method or manner of raising it, and the way in which it was resolved"). Plaintiff also consistently fails to even attempt to demonstrate that he preserved his arguments in the trial court in a manner that provided the court with an

opportunity to correct any alleged error. *See* ORAP 5.45(4)(a) (stating that each assignment of error must demonstrate that the "issue presented by the assignment of error timely and properly was raised and preserved in the lower court").

For instance, in plaintiff's first assignment of error, plaintiff contends that the trial court erred in dismissing his elder abuse claim and in ruling that defendant did not engage in physical elder abuse. However, plaintiff fails to cite to anywhere in the record where the court dismissed that claim.[1] Further, plaintiff contends as to that assignment of error—and, indeed, as to every assignment of error—that he preserved his arguments because he "timely appealed" from the general judgment. The proper and timely filing of a notice of appeal provides this court with jurisdiction over the appeal. *See* ORS 19.270(1) (stating that the Court of Appeals has jurisdiction "when the notice of appeal has been served and filed" as required by the relevant statute). However, the filing of a notice of appeal does not preserve an argument that the trial court committed legal error. The purpose of preservation is, among other things, to ensure that the trial court had an opportunity to avoid the claimed error. *John Hyland Const., Inc. v. Williamsen & Bleid, Inc.*, 287 Or App 466, 473, 402 P3d 719 (2017). The timely filing of a notice of appeal does not further that particular purpose. We also note that plaintiff does not seek plain-error review of any assignment of error.[2]

---

[1] Plaintiff claims that the court erred as a matter of law when it dismissed his claim. In fact, the trial court decided the claim on the merits following a bench trial. It did so after it weighed the credibility of the testimony and found as a factual matter that plaintiff's evidence was unconvincing and did not meet his burden of proof. Even to the extent that we construe plaintiff's assignment of error to address a legal ruling, plaintiff does not direct us to where either party sought a legal ruling by the trial court regarding his elder abuse claim, nor to any argument that plaintiff made below that the court had to resolve plaintiff's claims in his favor as a matter of law.

[2] To the extent that plaintiff argues, as to two assignments of error, that we should engage in *de novo* review of the facts previously considered by the trial court in the underlying bench trial, we do not exercise our discretion to undertake such a review. *See* ORS 19.415(3) (stating that, except in cases involving the termination of parental rights, the Court of Appeals has discretion to exercise *de novo* review of an equitable action or proceeding). Even were we to review the facts *de novo*, plaintiff's briefing still does not assist us in identifying the legal rulings that the trial court made or in determining whether plaintiff's arguments on appeal were preserved for our review.

In sum, appellant's brief has not provided us with a basis to review any claimed error by the trial court. In similar circumstances, we have noted that an appellant's failure to identify a legal ruling and demonstrate preservation in accordance with our rules of procedure is not merely a matter of form, but rather presents a substantive impediment to our ability to review the trial court's rulings on appeal. *John Hyland Const., Inc.*, 287 Or App at 471-72. In such a case, we affirm without reaching the merits. *Id.* at 480. Following that precedent, we affirm here as well.

Affirmed.